```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LUIS TORRES,

                Plaintiff,

vs.                                    Case No. 2:08-cv-618-FtM-29DNF

TPUSA, INC. d/b/a Teleperformance
USA d/b/a Teleperformance f/k/a
Calltech Communications, LLC,

                Defendant.
_____

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #10) filed on October 8, 2008. Defendant filed a Response in Opposition (Doc. #12) on October 27, 2008, and plaintiff filed a Notice of Filing in Support (Doc. #13) on October 30, 2008.

**I.**

The Complaint (Doc. #1) alleges that plaintiff was terminated in violation of the Age Discrimination In Employment Act (ADEA) and the Florida Civil Rights Act (FCRA). Plaintiff was hired on February 1, 2001, and was discharged on October 13, 2006, at the age of 69 years of age. Plaintiff alleges that he was qualified for the position, was replaced by a person significantly younger than plaintiff, and that he was treated less favorably than younger employees. A Notice of Right to Sue (Doc. #1-3) was mailed on July

25, 2008, and the Complaint was filed on August 5, 2008. Defendant appeared and filed an Answer, Defenses, and Affirmative Defenses to Plaintiff's Complaint (Doc. #7) on September 2, 2008.

**II.**

Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A pleader must, however, plead enough facts to state a plausible basis for the claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-6 (2007). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Under FED. R. CIV. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Since the Court may do so on its own, Rule 12(f)(1), the Court will address the motion to strike even though it is untimely.

**III.**

**First Defense**:

Defendant asserts that plaintiff's Complaint fails to state a claim upon which relief can be granted. Although the Court does not doubt that this is an affirmative defense, there is no basis provided on which that Court can determine a plausible basis for

this defense. Accordingly, the motion to strike will be granted as to the first defense.

**Second Defense**:

Defendant asserts that plaintiff failed to satisfy all conditions precedent in order to bring his claims. While compliance with conditions precedent may be alleged generally, but denying such compliance must be done with particularity. Fed. R. Civ. P. 9(c). Since the second defense does not allege with particularity, plaintiff's motion to strike will be granted as to the second defense.

**Third Defense**:

Defendant alleges that plaintiff's claims are barred by the applicable statute of limitations. This is an affirmative defense, Day v. Liberty Nat'l Life Ins. Co., 122 F.3d 1012, 1015 (11th Cir. 1997), but is not sufficiently pled and is redundant of the Seventeenth Defense. Therefore, plaintiff's motion strike will be granted as to the third defense.

**Fourth Defense**:

Defendant asserts that plaintiff failed to exhaust his administrative remedies. This is another defense which essentially asserts non-compliance with a condition precedent, and therefore must be pled with particularity under Rule 9(c). Because the

fourth defense is not pled with particularity, the motion will be granted as to the fourth defense.

**Fifth Defense**:

Defendant alleges that plaintiff's damages are limited by the applicable law under which they are brought. Plaintiff argues that this is not an affirmative defense, and the Court agrees. The "defense" is simply a statement of law, e.g., Commissioner v. Schleier, 515 U.S. 323, 326 (1995)((ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress). Therefore, the motion to strike will be granted as to the fifth defense.

**Sixth Defense**:

Defendant alleges that plaintiff, by his own actions, is responsible in whole or in part for any alleged damages. The Court simply cannot tell what this defense means or if it is intended to be different than some of the subsequent defenses. Accordingly, the Court finds that there is no showing that this defense is plausible, and the motion will be granted as to the sixth defense.

**Seventh Defense**:

Defendant alleges that all its actions were based on legitimate and reasonable business factors unrelated to any statutory rights or protection invoked by plaintiff. Plaintiff seeks to strike this defense as it simply denies the allegations in

the Complaint.  The case law, however, has referred to this type of allegation as an "affirmative defense," <u>Goldsmith v. Bagby Elevator Co.</u>, 513 F.3d 1261, 1277 (11th Cir. 2008), and therefore the motion to strike will be denied.

**Eighth Defense**:

Defendant alleges that plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.  This can be a valid defense, <u>McKennon v. Nashville Banner Publ. Co.</u>, 513 U.S. 352, 359-60 (1995), but there is nothing pled which allows the Court to find it to be plausible.  Therefore, the motion to strike will be granted as to the eighth defense.

**Ninth Defense**:

Defendant alleges that plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, unclean hands, and/or laches.  While these are affirmative defenses, there is nothing suggesting that any of them are plausible.  Therefore, plaintiff's motion strike will be granted as to the ninth defense.

**Tenth Defense**:

Defendant alleges that its actions were for good cause.  This is either redundant of the seventh defense or is so bare-bones that it cannot be determined plausible.  Therefore, the motion to strike will be granted as to the tenth defense.

**Eleventh Defense**:

Defendant alleges that plaintiff failed to mitigate his damages.  This is a proper defense, but is not sufficiently pled to show that it is plausible.  Therefore, the motion to dismiss will be granted as to the eleventh defense.

**Thirteenth Defense:**

Defendant alleges that it is has an anti-discrimination policy and plaintiff failed to prevent and correct the behavior or failed to take advantage of preventative or corrective opportunities available through defendant.  Plaintiff argues this is responsive to the Complaint and not a defense.  The Court disagrees.  Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).  The motion to strike will be denied as to the thirteenth defense.

**Fourteenth Defense:**

Defendant alleges that if any improper, illegal, or discriminatory act was taken by an employee, it was outside the course and scope of their employment.  This may be a valid defense, and is sufficient pled.  Therefore, the motion to strike will be denied.

**Fifteenth Defense:**

Defendant alleges that the termination and any other decisions were in good faith based on reasonable grounds.  As with the Tenth Defense, this is insufficient to state a plausible defense.  It

also appears that this defense is covered by or incorporated under the Seventh Defense. Therefore, the motion to strike will be granted, and the fifteenth defense will be stricken.

**Sixteenth Defense**:

Defendant alleges that plaintiff's termination and any other actions or decisions were based upon legitimate, nondiscriminatory, business reasons and other reasonable factors, other than age. This is a valid defense in this case, although somewhat redundant of the Seventh Defense, but is sufficiently plead. Therefore, the motion to strike will be denied.

**Seventeenth Defense**:

Defendant alleges that all claims not specifically alleged in the charge of discrimination within the appropriate time period must be dismissed, and that all allegations of unlawful employment practice outside the statutorily permitted time prior to the filing of a charge are barred. This is an affirmative defense and is sufficiently pled. Therefore the motion will be denied.

**Nineteenth Defense**:

Defendant alleges that plaintiff's damages are limited and/or barred by the applicable statutes. This appears to be a restatement of the fifth defense presented and the motion to strike will be granted on the same basis.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #10) is **GRANTED in part** and **DENIED in part** as set forth above.

2. Defendant is granted leave to file amended affirmative defenses within **TEN (10) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 19th day of March, 2009.

 _____
 JOHN E. STEELE
 United States District Judge

Copies:
Counsel of record